N. J. BRITT, Administratrix, v. MUTUAL BENEFIT LIFE INS. CO.

*Pleading—Insurance.*

In an action on a policy of insurance a copy of the application need not be set out in the complaint.

CIVIL ACTION, tried before *MacRae, J.*, at Fall Term, 1889, of GREENE Superior Court.

The defendant demurred to the complaint on the ground set out in the opinion. From the judgment overruling the demurrer the defendant appealed

*Mr. George Rountree*, for plaintiff.
*Mr. George M. Lindsay*, for defendant.

CLARK, J. : This was an action on a policy of life insurance issued by the defendant company.. The complaint alleged the incorporation, the issuing of the policy sued on (a copy of which is set out), the death of the assured and the qualification of plaintiff as administratrix, the payment of all premiums by the assured, the notice and proofs of death given to the defendant, and demand for payment of amount due on policy; and also further, " that the said James P. Britt, deceased, and this plaintiff have duly fulfilled all of the conditions and stipulations required of them by the said policy or contract of insurance."

The defendant demurred to the complaint upon the ground that the application for insurance should have been set out in the complaint, and that plaintiff should have averred " that the representations made in said application for said policy of insurance were in all things true—said representations having been warranted to be true by the terms of the policy, and being in the nature of a condition precedent to the plaintiff's right to recover."

There was another ground of demurrer assigned, but it was abandoned in this Court.

The policy provides: "In consideration of the representations made in the application for this certificate, which are warranted to be true in all respects, and are hereby made a part of this contract," and the payment by the insured of the premiums specified, the certificate or policy of insurance is

issued. No copy of the application was annexed to the policy when issued. The policy sued on is the whole of the obligation assumed by the defendant. This action is brought to compel a performance of that, and it is set out in full in the complaint. The application is, by the agreement, made a part of the contract, but it contains only stipulations which bind the assured. It is in possession of the defendant, and if there is a breach of any of its terms which will release the defendant company from its obligation, it is for the defendant to set out such obligation and aver the breach or breaches thereof on which it relies. *Mutual Benefit Life Ins. Co.* v. *Robertson*, 59 Ill., 123; 1 Chit. on Pleading, 299.

The provision in the policy, that the representations in the application are warranted to be true and are made a part of the contract, in no wise changes the rule that when a breach of a warranty or stipulation is relied upon as a defence, the defendant must allege such warranty and its breach. Where the whole contract is in one paper, and the warranties are contained therein, the plaintiff, if he sets out a part of the contract, should set out the whole. Here the contract consists of two distinct but inter-dependent obligations. One is the obligation of the defendant to pay a sum certain to the personal representative of the assured upon the death of the latter, the previous regular payment of premiums by him, and due notice and proof of death. This is a full, complete and perfect contract in itself, and the only conditions precedent, accurately speaking, are the payment of premiums, death, and furnishing proof thereof. The other contract is that of the assured. It is not so much a condition precedent as a defeasance by which the assured contracts that the representations made by him are warranted true, and if untrue, the contract of defendant company shall be defeated and annulled. This defeasance was committed to the custody of the defendant, and if it relies upon any pro-

tection therefrom, it should set out the application and allege specifically the false statements relied on.

The plaintiff has alleged specifically the performance of the conditions precedent—*i. e.*, the payment of all premiums, the death of the assured, and the proof thereof given as stipulated. If, however, as defendant contends, the truth of the representations in the application should be averred because, as he insists, they are conditions precedent, the plaintiff has complied with *The Code*, § 263, which is: "In pleading the performance of conditions precedent in a contract, it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party *duly performed all the conditions on his part.*"

It does not lie within the scope of this decision to pass upon the interesting question, which was ably discussed before us, of upon whom rests the burden of proving the truth or falsity of the representations made by the assured. The demurrer raises the sole question, whether it is incumbent on the plaintiff to set out the application for the policy in an action upon the policy, and to aver the truth of the statements made in such application.

We are aware that a contrary opinion on this point has been held in *Bobbitt* v. *Ins. Co.*, 66 N. C., 70, but in that case it seems to have been purely an *obiter dictum.* The question of the omission of the application from the complaint is not raised by the pleadings, nor in the briefs of the able counsel on either side (which are printed with the case), nor in the statement of the controverted points as recited by the learned Judge who delivered the opinion. After expressing an opinion that the truth of the representations in the application was in the nature of a condition precedent, it holds that therefore the application should be set out in the complaint, and Archbold on Pleading is cited. Such certainly was the former rule of pleading, which required great particularity and fullness in pleading conditions precedent and

their performance. Stephens on Pleading, 334. We think that the Court must have been inadvertent to the complete change in that respect made by the Code of Civil Procedure (§ 263), which had not then been very long in force. Bliss on Code Pleading, § 301.

A careful examination of the reports of our sister States shows only one case in which it is held that the application must be set out in the complaint, and in that instance *Bobbitt* v. *Ins. Co.* is cited for the ruling, and no reasoning nor other authority is given. On the contrary, the rule seems to be as stated, 1 Boone on Code Pleading, § 156: " All that is necessary in the complaint to make out a cause of action upon a policy of life insurance is a statement of the contract, the death of the assured, and the failure to pay as agreed (*Murray* v. *Ins. Co.*, 85 N. Y., 236); an allegation that the death of the assured was not caused by the breaking of any of the conditions of the policy is unnecessary; the plaintiff is not bound to anticipate in the complaint the defence which the defendant may set up, and has a right to rely in complaining upon such averments as state a cause of action, leaving matter which would meet a defence for proof or argument at the trial. *Cohen* v. *Ins. Co.*, 96 N. Y., 300 "; *Piedmont Ins. Co.* v. *Ewing*, 92 U. S , 377.

It is held that as to promissory warranties by which the assured obligates to do certain acts—such, for instance, as payment of premiums and furnishing proof of death, &c., the party suing on the policy must aver and prove these; but as to the alleged breach of warranty in the statement of existing facts as to health, habits, &c , of the assured, the defendant should aver and prove them. *Swick* v. *Home Life Insurance Co.*, 2 Dillon, 160; *Van Valkenburg* v. *Ins. Co.*, 70 N. Y., 605; *N. Y. Life Ins. Co.* v. *Graham*, 2 Duvall, 506. Being in the nature of allegations of fraud, the presumption is of innocence, and the defendant must aver the untruthfulness of the statements in the application. *Trenton Ins.*

*Co.* v. *Johnson*, 4 Zab., 580; *Leete* v. *Gresham Ins. Co.*, 7 E. L. & E. R., 578; *Jones Mfg. Co.* v. *Mfrs. Ins. Co.*, 8 Cushing, 84. The declarations in the application are presumed to be true, and the defendant company must aver and prove them untrue. *Holabird* v. *Atlantic Ins. Co.*, 2 Dillon, 166; *Granger Ins. Co.* v. *Brown*, 57 Miss., 315. In a case where the defendant here seems to have been a party, and raising the same point as now (*Mutual Benefit Life Ins. Co.* v. *Robertson*, 59 Ill., 123), it is held: "Appellee (the assured) was not bound to set out the application. This paper must have been in the custody of the appellant. The company might have introduced it, and proved its representations to be false"; and in the same case it is held "a *prima facie* case was made in behalf of appellee by the introduction of the policy, the renewal receipt and proof of death." The *Ins. Co.* v. *Stanton*, 57 Ill., 354, which, like *Bobbitt* v. *Ins. Co.*, was a fire insurance case, is to the same effect.

Affirmed.