## AMERICAN INSURANCE CO. *v.* CRAWFORD.

[70 South. 579.]

1. INSURANCE. *Actions. Defenses. Forfeiture. Burden of proof and error. Harmless error. Instructions.*

   In a suit by insured against an insurance company where the insurer defended on the ground that its policy had been forfeited because the insured secured other insurance in violation of its provisions and the insured replied admitting the existence of the additional policy, but denied that he knew of it or accepted it or that it had ever been in his possession, the burden of proving that the second policy was accepted by the insured was on the insurer, since the replication of assured was merely a denial of the essential averments of the insurers plea under the general issue.

2. APPEAL AND ERROR. *Harmless error. Instructions.*

   Even though instructions given plaintiff and defendant are conflicting, if such instructions are more liberal to the party complaining than he was entitled to, it was harmless error.

3. APPEAL AND ERROR. *Harmless error. Instructions.*

   When a fact is admitted an erroneous instruction as to the burden of proof in establishing such fact was harmless.

APPEAL from the circuit court of Leflore county.

HON. MONROE MCCLURG, Judge.

Suit by J. W. Crawford against the American Insurance Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*McLaurin & Armistead,* for appellant.

There was a conflict in the instructions given to the plaintiff and the defendant in their application to conflicting testimony. This is fatal error.

To illustrate, take the second instruction for Crawford (Record page 52), wherein the jury was told that although they might believe that there was a Philadelphia Underwriters' Policy in existence at the time of the fire, yet the jury would find for the plaintiff, unless they believed that the policy was issued with the knowledge and consent of the plaintiff, or that the plaintiff authorized the issue of the said policy, or had knowledge of it, that is, unless the jury believed that the plaintiff authorized the issuance of the policy, or had knowledge or its issuance, thereby excluding the idea that the plaintiff might be bound by the existence of the policy even if he had not authorized its issuance, provided, he had notice of its existence after it was issued.

The fourth instruction is erroneous also, for the jury is there instructed that the burden of proof was on the defendant to show that the Philadelphia Underwriters policy had been issued, when this fact had been confessed in the defendant's reply to the notice under the general issue.

Instruction four is also erroneous because it instructs the jury that the burden of proof was on the defendant to show that the Philadelphia Underwriters' policy was issued with the knowledge and consent of plaintiff; also, that he, Crawford, accepted it afterwards or had knowledge of it afterwards.

Plaintiff assumed the burden to show by his reply that he, plaintiff, had no knowledge of the issuance of this policy by the Philadelphia Underwriters; and that he never accepted it, or had knowledge of it after it was issued, so we say that this instruction is right in the face of the burden assumed by the plaintiff.

This instruction is in direct conflict with instruction number 1 given to the defendant, see record page 57; also the instruction number 3 given to the defendant, record page 58.

We therefore, say that instructions given to the plaintiff were erroneous, or at least those that we have commented on, and furthermore that they were in conflict with instructions given to the defendant, and for these reasons the court erred in overruling the motion for a new trial.

As stated in the case of *Solomon* v. *Compress Co.*, 69 Miss. 319, and particularly on page 326: ''Facts and law may be confessed by the pleadings; and, by confessions so made, litigants must be bound, to the extent, at least of the controversy on which they are made.''

.Plaintiff by his reply to the notice under the general issue, admitted the issuance of the policy in the Philadelphia Underwriters, and assumed the burden of proving that it was never issued by his knowledge or consent, or retained by him after its issuance, and plaintiff's instructions shifted this burden, or undertook to do so to the defendant.

Our court in this same case, *Solomon* v. *Compress Co.*, *supra*, 69 Miss. 328, has said: ''The court then gave directly conflicting instructions (which conflict alone created error) that the plaintiff might recover on the third count if the facts therein stated and relied upon, as estopping the defendant from denying that he was assignee of the term, were proved.''

''By the sixth and eleventh instructions for the plaintiff, the court also told the jury that the plaintiff should recover upon states of fact applicable neither to the is-

sue joined under the second count, nor to the matter of estoppel set up by the third count.

"If the sixth and eleventh instructions are sought to be applied to the first count, there will be direct and palpable conflict between these instructions and the first and second instructions for the defendant."

The same doctrine as to conflict of instructions has been repeatedly announced by this court, see *Southern Railroad Co.* v. *Kendrick,* 40 Miss. 374; *Chapin* v. *Copeland,* 55 Miss. 476; *Henderson* v. *Henderson,* 41 Miss. 584; *I. C. Railroad* v. *McGowan,* 92 Miss. 603.

We respectfully submit therefore that this case ought to be reversed: First, on the facts; second, because erroneous instructions were given to the plaintiff; third, because the instructions were conflicting; and fourth, because the court overruled defendant's motion for a new trial.

*Gardner & Whittington,* for appellee.

The counsel in their brief undertake to say that appellee in his reply to the defendant's notice to the general issue, "undertook to confess and avoid the effect of the affirmative matter set up in defendant's notice." We are a little surprised at this statement of counsel, who are, ordinarily very fair. By no possible construction can the reply notice which was filed to the notice of the general issue be distorted into a "confession and avoidance," of defendant's notice to the general issue. Appellee confessed nothing. The defense set up by defendant was an affirmative one, and necessarily carried with it the burden of proof in establishing it before the jury. This, we take it, is an elementary proposition, and to quote an authority to substantiate it, would be to insult the intelligence of this court. Appellee confessed nothing, but replied that the alleged "additional policy," was issued without his knowledge and consent, and that he never had any knowledge of its existence, and, we sub-

mit, was properly determined by the jury in a verdict in favor of appellee. On this point see specially *Miller v. Phenix Insurance Co.*, 100 Miss. 311.

A casual examination of appellant's brief, we think, will satisfy this court that it is a labored effort on the part of appellant to make some sort of pretense for taking this appeal.

We can hardly believe that counsel for appellant are serious in some of their criticisms of the instructions given for appellee in this case. To illustrate: They say that the fourth instruction given for appellee was erroneous, as it instructed the jury that the burden of proof was on the defendant to show that the "additional policy" was issued with the knowledge and consent of the plaintiff, and that appellee accepted it afterwards or had knowledge of it afterwards. If this is not the law, we are at a loss to understand the decision of this court in the case of *L. L. & G. Insurance Company v. Farnsworth Lumber Company*, 72 Miss. 555. The court there holds that "The burden is on the insurer to establish a breach of warranty in a policy of insurance. There is no distinction in this respect between Life and Fire Insurance." 57 Miss. 308. Then any "affirmative defense" necessarily carries with it the burden of proof to establish that defense.

We call the court's attention, however, to the fourth instruction given for appellant, the defendant, which is not the law—never was the law, and never will be the law—and nobody knows it better than appellant, to wit:

"The jury is further instructed that unless you believe that a preponderance of the evidence does show that plaintiff never authorized the issuance of the said policy in the Philadelphia Underwriters Company— never had notice of its existence, and never deposited it for safe keeping with a third party, you will find for the plaintiff."

This instruction required the appellee to show by a preponderance of the evidence that he never authorized

the issuance of the said policy, and never had any notice
of its existence and never deposited it for safe keeping
with a third party.  In other words, this  instruction
placed upon the plaintiff, the appellee, "the burden of
proof" to disprove the "affirmative defense," set up
by appellant or defendant, which burden should have
been borne by appellant.

The court granted defendant three liberal instructions,
in fact more than it was entitled to, and yet, in the face of
these instructions, and the conflicting testimony, the jury
brought in their verdict for plaintiff, for the amount sued
for.  We submit that the verdict of the jury will not be
disturbed as there is nothing in the testimony to indicate
that the verdict is excessive or irregular or improper in
any way.  It was peculiarly the province of the jury to
settle the conflict in the testimony by their verdict, and
having done so, we take it that their verdict will not be
disturbed by this court, and we take it further, that in
any view of this case, that the instructions granted de-
fendant were such as to liberally present its defense, and
that it is now too late to complain of any conflict in the tes-
timony, when all of the testimony, and the whole record
shows that justice has been done, and a substantial right
sustained.  We respectfully submit that the verdict of
the jury is right; that if there was any error in any in-
struction granted for appellee, that the same was cured
by the instructions given for appellant, and especially the
instruction just quoted.  We, therefore, respectfully ask
for an affirmance of the judgment of the court below.

POTTER, J., delivered the opinion of the court.

J. W. Crawford, appellee here, was plaintiff in the
court below, and filed his suit against the American In-
surance Company, the appellant, in the circuit court of
Leflore county.

The suit was brought on a fire insurance policy issued
by the appellant for three hundred dollars on certain

household furniture owned by the appellee and situated in the city of Greenwood, which furniture it was alleged in the declaration was destroyed by fire, and that the plaintiff suffered loss in the full sum of the policy, three hundred dollars.

The defendant pleaded the general issue and set up in the notice thereunder that by the terms of the contract sued on there was a warranty binding on the plaintiff in the policy issued by defendant, as follows:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has, or shall hereafter make or procure, any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

And the defendant offered in this pleading to show on the trial of the case that, without any permission by agreement indorsed on the contract or otherwise, the plaintiff, subsequent to the issuance of the contract sued on, caused to be issued or accepted and permitted the issuance of a policy covering identically the same matter with another company for the sum of three hundred dollars, or did knowingly permit such policy afterwards issued to remain in existence up to the time of the fire.

To the notice of affirmative matter under the general issue, the plaintiff filed a replication in effect admitting that the additional policy for three hundred dollars mentioned in the notice under the general issue was issued, but denying that it was issued with his knowledge or consent; denying that he ever had knowledge of the existence of the policy; denying that it was ever in his actual or constructive possession; and denying that he ever paid or promised to pay any premium for the issuance of the policy; and alleging that as soon as he was notified that such policy had been issued that he notified the company having issued it through its agent that he had no claim whatever on account of it, as the same was issued without his knowledge or consent.

The testimony in the case is conflicting. Mr. Craw-ford testified in his own behalf that the second policy on his household furniture was not issued at his request; that he knew nothing about it until after the fire; that he had never promised to pay the premium thereon; and that if the policy was mailed to him that he never received it. The agent for the insurance company on the other hand testified that the policy was issued at the request of Mr. Crawford, and that he promised to pay for it, and in fact on one occasion handed him a ten dollar bill in payment of the premium on the policy, which was not received because the proper change could not then be made. The only other testimony in the case is of one wit-ness who testified that Crawford kept certain papers in the safe of the compress company with which the witness was employed as a bookkeeper, and that this policy was among the papers. He did not know of his own knowl-edge whether Crawford knew that the policy in question was in the safe at the compress company before the fire, but he did state that Crawford said at one time after the fire that he knew of the existence of the policy, and at another time that he did not know of it; and another witness who in his testimony produced the envelope in which the policy in question of the Philadelphia Under-writers was mailed to Crawford. This envelope shows that it was addressed to Crawford in care of the Talla-hatchie Compress Company, and that it was mailed, as shown by the post office mark, on September 10, 1910. The above is practically all the testimony in the case. The case was submitted to the jury, and a verdict was found for the plaintiff for the full amount of the policy, three hundred dollars.

The appellant urges that the plaintiff in his replication undertook to confess and void the effect of the affirmative matter set up in defendant's notice under the general issue because the plaintiff, while not denying the issuance of the policy pleaded by the defendant, set up in his re-plication to the general issue that such policy was issued

without the knowledge or consent of the plaintiff; that he never knew of the existence of the policy; that it had never been in his actual or constructive possession; and that he had never paid or promised to pay any premium for the issuance of said policy, and that therefore the burden of proving these matters was on the plaintiff.

This contention of appellant, however, is not sound. When the appellant in its notice under the general issue set up the existence of another policy of insurance on the same property in violation of a warranty contained in its policy, it assumed not only the burden of showing that such policy was issued, but that Crawford accepted it. In other words, the defendant having set up the policy in question as an affirmative defense, the burden was on it to show it was either issued at the request of Crawford or that he afterwards ratified its issuance by, in some way, making known an intention on his part to accept the policy. The replication is nothing more than a denial by the plaintiff of the essential averments in the defendant's plea under the general issue. *Insurance Co.* v. *Farnsworth,* 72 Miss. 555, 17 So. 445; *Insurance Co.* v. *Brown,* 57 Miss. 308, 34 Am. Rep. 446.

It is true that the instructions are conflicting to the extent that the jury are instructed on the one hand that the burden of proof with reference to the essential averments in the defendant's plea is on the plaintiff, and in another that the burden of proof as to these same matters is on the defendant. But in view of the fact that it was the defendant's affirmative plea, the burden was properly on it, and it cannot complain because the instructions received by it were more liberal than it was entitled to.

It is complained that the fourth instruction is erroneous, for by it the jury is instructed that the burden of proof is on the defendant to show that the Philadelphia Underwriters' policy had been issued when this fact had been confessed in the defendant's reply to the notice under the general issue. This could not have been detrimental to the defendant's case because the issuance

of the policy was an established fact, and was so treated by both parties to the controversy on the trial of the case.

We are of the opinion that the case was fairly and properly submitted to the jury on a controverted question of fact, and it is therefore affirmed.

*Affirmed.*