UNION MUTUAL ASSOCIATION OF BATTLE CREEK, MICHIGAN, V. CHARLOTTE A. MONTGOMERY, DEFENDANT AND APPELLEE, SAMUEL ELLIS, EXECUTOR, ETC., DEFENDANT AND APPELLANT, AND CECELIA M. FRANKLIN, DEFENDANT.[1]

*Mutual benefit associations—Certificate of membership—Change of beneficiary—Articles and by-laws—Construction of disposition clause—Will.*

1. The articles of association and by-laws of a mutual benefit association determine the rights of the members and the association, and may be enforced by the parties and beneficiaries according to their respective rights as therein provided. *Arthur v. Association*, 29 Ohio St. 557; May, Ins. § 552; Bliss, Ins. § 426; *Red Men v. Schmidt*, 57 Md. 106.

2. A by-law of a benefit association providing for a change of beneficiaries, "upon application in writing to the secretary, stating to whom the member desires the benefits paid, the surrender of the old certificate, and the payment of a fee of one dollar," is a reasonable regulation of the right of members to exercise *this* power of appointment.

3. A beneficiary under a certificate of insurance issued by a benefit association has no vested right in the fund or bounty of the donor prior to his death, and his consent to a change of beneficiaries is not required.

---

[1] See *Benefit Association v. Rolfe*, 76 Mich. 146.

4. Upon the death of a member of a benefit association, the right of his beneficiary, which before was *inchoate* and contingent, becomes fixed and certain, and he may compel the corporation to levy the assessment, if it refuses, after the time for payment has expired.

5. The 'same rules of construction should be applied to dispositions of property created by mutual benefit associations as are applied to bequests by will, as they partake of the nature of testamentary dispositions of property.

6. The policy of our statutes favors *vested* in preference to *contingent* estates, and unless a contrary intention appears a will operates from the death of the testator, at which time the estate vests. *Toms v. Williams,* 41 Mich. 552; *Eberts v. Eberts,* 42 Id. 404; *Rood v. Hovey,* 50 Id. 395; *Porter v. Porter,* Id. 456.

7. Where by the terms of a certificate issued to a member of a benefit association the insurance was payable to his son and daughter, equally, if living, and if not living to the heirs of the member, and in case of the death of either the full amount was to be paid to the survivor, the provision as to survivorship applies to the beneficiary who survives the *donor,* and the words, "if living," and "if not living," refer to living at the *time* of the donor's *death.*

Appeal from Calhoun. (Hooker, J.) Submitted on briefs May 22, 1888. Decided June 8, 1888.

Bill of interpleader. Defendant Ellis appeals. Decree affirmed in part. The facts are stated in the opinion.

*Floyd R. Mechem,* for complainant.

*J. C. Hopkins* (*Boyle, Adams & McKeighan,* of counsel), for defendant and appellant, Ellis, contended for the construction and law stated in the opinion.

*Briggs & Clark,* for defendant Montgomery, contended:

1. That the death of Edward C. Franklin gave the beneficiaries no greater interest in the contract than they had before, and that the expiration of 90 days reserved for payment determined who was entitled to the insurance, which was then payable to the surviving beneficiary, Charlotte A. Montgomery; citing Schouler, Personal Prop. 192; Williams, Personal Prop. 303.

CHAMPLIN, J. A bill of interpleader was filed by the above-named complainant against defendants, who each lays claim to a fund which the association acknowledges itself liable for and willing to pay to the one legally entitled. The following facts are admitted:

"1. That said Union Mutual Association is a co-operative and mutual benefit society, organized and doing business under and in pursuance of an act of the State of Michigan entitled 'An act to provide for the incorporation of co-operative and mutual benefit associations,' being chapter 118 of Howell's Annotated Statutes; that the object of said association is to secure to the family or heirs of any member, upon his death, a certain sum of money, to be paid out of the proceeds of an assessment upon the members; and that all persons whose lives are insured are members of the association.

"2. That every person desirous of becoming a member makes to the association a written application for membership, wherein, among other matters, he sets forth the amount of insurance desired, and the name of the beneficiary; that, upon the admission of a member, the association issues to him a certificate of membership, in the form hereto annexed, constituting him a member, and containing a promise to pay, upon the death of such member, to such member of his family or heirs as were named in said application, a sum of money in accordance with the articles of association, by-laws, and other rules and conditions prescribed by the association.

"3. That upon the 20th day of January, A. D. 1883, one Edward C. Franklin, then a resident of Ann Arbor, in this State, made to the association a written application for membership, which is hereto annexed and made a part hereof, marked 'Exhibit A;' that in and by said application he requested insurance to the amount of $1,500, to be made payable, in case of death, to Cecelia M. Franklin, his wife, and Charlotte A. Franklin, his daughter, equally, with the further direction that, in case of the death of either, the full amount should go to the survivor.

"4. That upon the 22d day of January, A. D. 1883, the association admitted said Edward C. Franklin to membership, as requested in said application, and upon that day issued to him a certificate of membership, which is hereto annexed and made a part hereof, marked 'Exhibit B,' wherein said association constituted him a member, and promised

to pay to his wife and daughter, Cecelia M. and Charlotte A.
Franklin,—in case of death of either full amount to go to the
other,—the sum of $1,500, upon certain conditions therein
named, which certificate was duly delivered to said Edward
C. Franklin.

"5. That afterwards, on December 16, 1884, said Edward
C. Franklin, who had then removed to St. Louis, Mo., wrote
to the secretary of the association the letter hereto annexed
and made a part hereof, marked 'Exhibit C,' which letter
was replied to by one of the clerks in the office of the associa-
tion; that a few days later said Edward C. Franklin returned
said certificate, marked 'Exhibit B,' to the association by
mail from St. Louis, with the marginal directions as to change
of beneficiaries, signed by him, as appears upon said certifi-
cate, and surrendered the same to said association, in whose
possession it has since been.

"6. That upon December 23, 1884, a new certificate was
issued and delivered to him by mailing the same to him at
St. Louis, which new certificate is hereto annexed, made a
part hereof, and marked 'Exhibit D,' wherein the names of
the beneficiaries were changed, as requested in said letter, to
his son, N. Lyon Franklin, and daughter, Charlotte A. Frank-
lin, with the same provision, that, 'in case of death of either,
full amount to go to survivor;' which new certificate was of the
same number as the one surrendered, and was intended to
bear the same date, but, by mistake of the clerk who filled it
up, it was dated one year later than the first one. At the
same time said clerk erased the words, 'Cecelia M. Franklin,
his wife,' in the said application, and inserted the words, 'N.
Lyon Franklin, son.'

"7. That while said re-issued certificate was in force, and
on or about December 10, 1885, said Edwin C. Franklin died,
leaving surviving him his said wife, son, and daughter; that
satisfactory proofs of such death were duly furnished to said
association on or about January 20, 1886, by said N. Lyon
Franklin and Charlotte A. Franklin, who was then married
and become Charlotte A. Montgomery, and each of them
claimed payment of one-half of the amount named in said
certificate, which by the terms thereof would become due and
payable at the expiration of 90 days after the receipt of said
proofs, to wit, on April 20, 1886; that said Cecelia M. Franklin
did not join in said proofs, nor make any claim therein as
beneficiary.

"8. That before the time for the payment of said amount
arrived, and on or about February 1, 1886, said N. Lyon

Franklin died, leaving a last will and testament, which disposed of his entire estate, and was duly admitted to probate at the residence of said deceased, St. Louis, Mo., and the execution thereof was granted to the above-named Samuel Ellis, the executor therein named.

"9. That on or about May 5, 1886, said association paid one-half of said sum, to wit, $750, to sa'd Charlotte A. Montgomery, and on or about August 14, 1886, paid the remaining $750, under an order of the circuit court for the county of Calhoun, in chancery, to the register of said court.

"10. That the application was made by said Edward C. Franklin in person, and upon his own motion, neither his wife nor any of the beneficiaries having any part therein, but after having talked the matter over with said Cecelia M. Franklin; that he paid the advance payment required; that all assessment and other notices were sent to him, and that he paid all of the assessments and dues that were paid; that assessment notices have been issued, and assessments made and paid, only upon one certificate as No. 3,463, and only for the sum of $1,500; and that at least three assessments, at intervals of three months apart, were made between the time of issuing the second certificate and the date of the death of said Edward C. Franklin.

"11. That the association has no capital stock, nor any fund, income, or means from which to pay death losses, except such as is derived from assessments made upon all the members having certificates in force at the death of any member, each member paying assessments at a fixed rate per $1,000 of insurance, said rate being determined by his age at admission, and that the failure of the member to pay assessments or dues within 40 day§ terminates the membership and avoids the certificate.

"12. That the following provisions are contained in the articles of association and by-laws, in relation to the designation and change of beneficiaries, and are the only provisions upon the subject:

### "'ARTICLES OF ASSOCIATION.

"'Sec. 5. The object of the incorporation is to secure, at its maturity, to the beneficiary named in the certificate of any member then in good standing, the payment of the sum specified in such certificate.'

### "'BY-LAWS.

"'Sec. 23. When an applicant is accepted, he shall receive a certificate of membership signed by the president and secretary, under

the seal of the association, which certificate shall state the amount to be paid to the beneficiary in case of death, and shall be in accordance with the conditions of the application of the member to whom the certificate is issued, making the payment of the benefit sum payable as directed in the application; subject, however, to all the provisions of the articles of association and by-laws, and waiving all claims for payment upon the association or its individual members beyond such as is realized by one mortality assessment of the members of the association as prescribed by the table of mortality assessments. Any member may change the beneticiary designated as aforesaid, upon application in writing to the secretary, stating to whom he desires such benefits paid, the surrender of his old certificate, and the payment of a fee of one dollar; whereupon the secretary shall change upon the record the name of the beneficiary, and issue a new certificate accordingly of the same number as the old one.'

" This section of the articles and this by-law were in force when the application was taken, and continued in force until after the death of said Edward C. Franklin.

"13. That said Charlotte A. Montgomery had no knowledge of the first certificate until she was told of it by her father, after its issue; that her father told her he intended to change one of the beneficiaries from said Cecelia M. Franklin to said N. Lyon Franklin, but she did not know that the change had been made until after her father's death, which was the first knowledge she had of the second certificate.

" 14. That said Cecelia M. Franklin had no knowledge of the issue of the first certificate until after it was issued, and had no knowledge of, and did not consent to, its surrender or change.

"15. That said Edward C. Franklin took out a policy in another company for $1,000, for the benefit of said Cecelia M. Franklin."

It is not necessary to set out or refer to the application, Exhibit A, nor the original certificate, Exhibit B, as the certificate is the same in all respects as the certificate subsequently issued, except as to date, and the substitution of the name of N. Lyon Franklin in place of Cecelia M. Franklin as a beneficiary. Exhibit C reads as follows:

"St. Louis, December 16, 1884.
" Charles E. Foote, Secretary,
" Battle Creek, Mich.
" *Dear Sir:* I wish to change the beneficiary in my life-

policy No. 1,500 of the Union Mutual Association of the city of Battle Creek, so as to read, 'to his son and daughter, N. Lyon and Charlotte A. Franklin, equally. In case of the death of either, full amount to go to the survivor.' Will you oblige me in this, as I shall make other arrangements for the party dropped in another company, if the above change can be made?

"Very respectfully,<br>"E. C. FRANKLIN."

The new certificate issued reads as follows:

"No. 3,463.          "$1,500.          Age, 61.

"THE UNION MUTUAL ASSOCIATION OF BATTLE CREEK, MICHIGAN,—

"In consideration of the warranties to it made in the application for this certificate, and the sum of eight dollars and fifty cents to it paid, and the sum of two dollars to be paid on or before the first day of July next, and in each year thereafter during the continuation of this contract, and the further sum of ten dollars and eighty-three cents to be paid at each assessment, to be made only upon the death of a member, does hereby constitute Edward C. Franklin, of Ann Arbor, county of Washtenaw, State of Michigan, a member of the association; and ninety days after satisfactory proof of the death of said member, and upon the surrender of this certificate, with discharges thereof, upon condition that all payments have been made as required under this certificate, up to the time of death, in accordance with the terms and agreements made in the application for this certificate, and upon the further conditions printed upon the back hereof (which application and conditions are hereby referred to and accepted by said member as a part of this contract), the said Union Mutual Association agrees to pay to his son and daughter, N. Lyon and Charlotte A. Franklin, equally,—in case of death of either, full amount to go to the survivor,—one thousand five hundred dollars, if living; if not living, to the heirs of said member.

"In witness whereof the said Union Mutual Association has caused this certificate to be signed by its president, and sealed and attested by its secretary, at its office, in the city of Battle Creek, State of Michigan, this twenty-second day of January, 1884.    [Seal.]

"CHAS. AUSTIN, President.<br>"CHAS. E. FOOTE, Secretary."

70 MICH—38.

The court below entered a decree adjudging—

1. That complainant be paid its costs of suit to be taxed, out of the fund deposited in court.

2. That Charlotte A. Montgomery is entitled to the residue of said fund, and directing the register of the court to pay the same over to her.

3. That she recover her costs to be taxed against her co-defendants, Samuel Ellis, as executor of the last will and testament of N. Lyon Franklin, deceased, and Cecelia M. Franklin.

The only question in the case is, to whom does the fund which has been paid into court belong?

The case is to be determined by the articles of association, by-laws, and certificate of membership. These laws and regulations determine the rights of the members and the association, and may be enforced by the parties and beneficiaries according to their respective rights as therein provided. *Arthur v. Association*, 29 Ohio St. 557, 560; May, Ins. § 552; Bliss, Ins. § 426; *Red Men v. Schmidt*, 57 Md. 106·

Section 23 of the by-laws gives to any member the privilege of changing the beneficiary upon complying with certain requirements. This by-law is a reasonable regulation of the right of the member to exercise the power of appointment of the beneficiary whenever and so often as he pleases. Circumstances may intervene which may make it desirable for the member to make a change in the beneficiary, and, as such designated beneficiary has no vested right in the fund or bounty of the donor, his consent to the change is not required, nor has he any interest that can be either protected or asserted in a court of law. Cecelia M. Franklin has no legal or equitable claim upon the fund. When a valid appointment has been made, a time will arrive when the beneficiary has a vested right to the fund. The only question under the certificate of membership, in the present case, is whether such right became vested so as to pass to the beneficiaries equally at the time of the death of Edward C. Franklin.

The scheme of the corporation is to raise a fund which shall pass to designated beneficiaries at the death of the member. The right, which before was inchoate and contingent, becomes upon the death of the member fixed and certain in the beneficiary. He may compel the corporation to levy the assessment, if it refuses, after the time limited for payment. The provision relating to survivorship applies to the one of the two who shall survive the donor. If neither survive him, the fund goes to the heirs of the member. The time of payment provided for, namely, 90 days after the death of the member, has no reference to who shall take as survivor. The time of payment is defined simply to enable the corporation to raise the fund by assessment upon the members. If the son, N. Lyon Franklin, had died before his father, Edward C., the whole sum would have been payable to the daughter, Charlotte A., and, if she had also died before her father, the fund would have been payable to his heirs. The words, "if living," and "if not living," refer to living at the time of Elward C. Franklin's death.

The same rules of construction should be applied to dispositions of property created by these mutual benefit associations as are applied to bequests by wills. They partake of the nature of testamentary dispositions of property. It is well-established law in this State that the policy of our statutes favors vested in preference to contingent estates, and that, unless an intention appears to the contrary, the will shall operate from the death of the testator, and estates vest at that time. *Rood v. Hovey*, 50 Mich. 395 (15 N. W. Rep. 525); *Porter v. Porter*, Id. 456 (15 N. W. Rep. 550); *Toms v. Williams*, 41 Id. 552 (2 N. W. Rep. 814); *Eberts v. Eberts*, 42 Id. 404 (4 N. W. Rep. 172).

In this case I think it clear that the gift to the beneficiaries became operative at the death of the donor, and consequently this share of the fund vested in N. Lyon Franklin at that time, and could be disposed of by his last will.

It follows that the decree will be affirmed as to the first clause above noted, and reversed as to the residue. And a decree will be entered here declaring that the executor of N. Lyon Franklin, deceased, is entitled to the residue of said fund, and directing the register of the circuit court to pay the same over to him, and he will recover his costs of both courts against said Charlotte A. Montgomery and Cecelia M. Franklin to be taxed.

The other Justices concurred.