| 22 | 213 |
| 11a | 255 |
| 22 | 213 |
| d17a | 252 |
| 22 | 213 |
| 19a | 199 |
| 22 | 213 |
| 20a | 396 |

## THE SUPREME LODGE OF THE KNIGHTS OF HONOR v. WOLLSCHLAGER.

1. PLEADING—INSURANCE CASES.

It is not necessary in an action upon a policy of insurance to allege and prove the matters contained in the application therefor. Such matters are defensive, and to be available must be pleaded and proved by the insurer.

2. EVIDENCE.

Declarations made by the assured with respect to his age before his application for insurance on his life, for the sole benefit of his wife, are not admissible in an action by his wife on the policy to disprove representations as to his age contained in the application.

*Appeal from the District Court of Arapahoe County.*

MARIE WOLLSCHLAGER brings this action against The Supreme Lodge of The Knights of Honor on a benefit certificate for $2,000 issued by that order on the life of her husband, Louis Wollschlager, and payable to her as the beneficiary. In her complaint she sets forth *in hæc verba* the certificate, alleges the death of Louis Wollschlager, and that proofs of such death were made to the satisfaction of appellant. The appellant for answer admits the issuance of a benefit certificate to Louis Wollschlager, and that proof of his death was satisfactorily made, but alleges that he fraudulently procured the issuance of the certificate in that he falsely stated in his application that he was 49 years of age, whereas he was over 50 years of age, and debarred by law from becoming a member of the order. These allegations were denied by the replication. The cause was tried to a jury, verdict rendered for the full amount of the claim and interest, motion for a new trial overruled, and judgment entered upon the verdict for the sum of $2,548.88 and costs. The appellant brings the case here for review.

Mr. NOAH M. GIVAN and Mr. F. J. MOTT, for appellant.

Mr. S. E. Browne and Mr. Geo. C. Preston, for appellee.

Mr. Justice Goddard delivered the opinion of the court.

The objections presented by appellant that materially affect the merits of the case are based upon the giving and refusal of certain instructions and the rejection of certain testimony, while the appellee, by assigning cross- error, questions the correctness of the ruling of the trial court in admitting, over her objection, certain evidence introduced by appellant.

Upon the trial of the cause appellant objected to the introduction of the certificate of insurance in evidence because the complaint failed to set out the application upon which it was issued, and which, by reference, was made a part of it, and assigns error upon the overruling of this objection.

Upon the question thus presented the adjudicated cases are not uniform. Appellant's claim is supported by some of the cases, among them, *Gilmore v. The Lycoming Fire Ins. Co.*, 55 Cal. 123, and *Bobbitt v. Liverpool, L. & G. Ins. Co.*, 66 N. C. 70; but we think the clear weight of authority, and the better reason, sustain the rule that in an action on an insurance policy it is not necessary to allege or prove the matters contained in the application, but to be availed of as a defense, whether regarded as warranties or representations, their falsity must be set up and proved by the insurer. *The Penn Mutual Life Ins. Co. v. Wiler*, 100 Ind. 92; *Continental Life Ins. Co. v. Rogers*, 119 Ill. 474; *Forse v. Supreme Lodge of K. of H.*, 41 Mo. App. 106; *Union Ins. Co. v. McGookey*, 33 Ohio St. 555; *Redman v. Ætna Ins. Co.*, 49 Wis. 431.

Bacon, in his treatise on the law of Benefit Societies, section 454, states the rule as follows:

" It is not necessary for the plaintiff, although the application, by the terms of the policy, is made a part of the contract and the truth of the statements made therein warranted, to set out in his complaint or declaration in the application,

nor in the first instance to prove performance of any of its conditions, or the truth of the statements contained therein, because the agreement or warranties contained in such application are not conditions precedent, but qualifications of the liability of the insurer growing out of independent covenants and in the nature of conditions subsequent, the breach of which are matters of defense for the insurer to allege and prove."

Under this rule the court below properly admitted the certificate in evidence. A like question is also presented by the errors assigned upon the refusal to give certain instructions asked by defendant, and in giving those asked by plaintiff, as to the burden of proof, the court instructing the jury that the burden of proving the falsity of the statement alleged to have been made by Louis Wollschlager in regard to his age was upon the appellant. The rule as stated by the court was correct, and is fully sanctioned by the foregoing cases; also by the case of *Grangers' Ins. Co. v. Brown*, 57 Miss. 308, and the case of *Piedmont & Arlington Life Ins. Co. v. Ewing*, 92 U. S. 377. In the latter case it is said:

" While it may be easy enough to prove the affirmative of one of these questions, it is next to impossible to prove the negative. The number of the questions now asked of the assured in every application for a policy, and the variety of subjects, and length of time which they cover, are such, that it may be safely said that no sane man would ever take a policy if proof to the satisfaction of a jury of the truth of every answer were made known to him to be an indispensable prerequisite to payment of the sum secured, that proof to be made only after he was dead, and could render no assistance in furnishing it. On the other hand, it is no hardship, that, if the insurer knows or believes any of these statements to be false, he shall furnish the evidence on which that knowledge or belief rests. He can thus single out the answer whose truth he proposes to contest; and, if he has any reasonable grounds to make such an issue, he can show the facts on which it is founded. The judge of the circuit court was, therefore,

right in refusing to instruct the jury, that the burden of proving the truth of these answers rested with the plaintiff below."

The decisive question in controversy on the trial was whether Louis Wollschlager, the insured, misrepresented his age in the application for the insurance, and upon this issue the court permitted the appellant to introduce in evidence, over the objection of appellee, an application made by him for membership in the Grand Army of the Republic, in January, 1887, wherein he stated that he was 49 years of age, and an application for membership in the Krieger Verein of Denver, made March 23, 1886, in which he stated his age to be 48 years; also a declaration for invalid pension, made by him March 4, 1879, wherein it was recited that he was 41 years of age; and a declaration for increase of invalid pension, made October 31, 1882, wherein his age was stated to be 45 years. The appellee offered no rebutting testimony. If these statements were admissible and competent proof of his age at the various dates upon which they were made, it is shown that he was more than 50 years of age at the time of making the application for insurance, and the verdict should have been set aside by the trial court, as clearly against the weight of evidence. The admissibility, therefore, of these statements, challenged by the cross errors of appellee, becomes important. The question of the admissibility of declarations made by the insured prior and subsequent to the application, in cases where the insurance is for the benefit of others, has frequently been before the courts for consideration, and while the decisions are not in perfect accord, we think it is clearly settled by the later cases that such declarations are not admissible. In *Aveson v. Kinnaird*, 6 East, 188, it was held, in an action by the husband on a policy of insurance on the life of his wife, that her declarations as to the condition of her health while she was in bed, sick, and that she was sick when she procured her certificate preparatory to getting the policy, were admissible; and in *Kelsey v. Universal Life Ins. Co.*, 35 Conn. 225, in a similar case, the wife's letters, writ-

ten a few days before the application was made, in which she spoke of her bad health, were held admissible. In the case of *Swift v. The Mass. Mutual Life Ins. Co.*, 63 N. Y. 186, it was held that prior declarations, when made at a time not too long before the application, and when a part of the *res gestœ* of some act or fact exhibiting the condition of health which they legitimately tended to explain, were admissible to show knowledge on the part of the subject of insurance of his physical condition; but in the case of *Edington v. Mutual Life Ins. Co. of N. Y.*, 67 N. Y. 185, it was held that declarations and admissions by the assured as to his condition of health, made at a time prior to and remote from the application, and not in connection with some act or fact showing his state of health, were incompetent for the purpose of disputing representations in the application. The case of *Swift v. The Mass. Mutual Life Ins. Co.*, *supra*, was cited and distinguished. The declarations that were held properly excluded in that case were as to the condition of health of the assured made at various times and to different persons. One of the offers excluded was a prior application of the assured to the Ætna Life Insurance Company for insurance upon his life, in which was contained certain answers and representations as to his health, to the effect that he was afflicted with certain diseases, contradictory of the representations made in the application presented to the defendant company. The case of *Dilleber v. Home Life Ins. Co.*, 69 N. Y. 256, was an action by the wife on a policy issued on the life of her husband, on the 17th day of August, 1867. Upon the trial, after evidence had been introduced that prior to the date of the policy the accused had spit blood, certain letters written by him to his brother were admitted in evidence, in one of which, written August 20, 1866, he stated that he was taken with a hemorrhage of the lungs, etc.; and another written June 21, 1867, in which he stated: "My health is very poor. My cough still hangs to me. Yesterday I was examined and find my right lung is affected."

The objection to the admission was a general objection,

and the court held that, it being important for the defendant to show that the assured had knowledge that he had symptoms of consumption, they were admissible for the purpose of showing such knowledge, but were not competent to prove the facts stated in them.

In *The Washington Life Ins. Co. v. Haney*, 10 Kan. 525, in an action brought by the husband to recover an insurance on the life of his wife, it was held that declarations of the wife after the application were inadmissible. Mr. Justice Brewer, speaking for the court, says:

"The contract is between the assured and the insurer. * * * The party insured is not a party to the record, and therefore her declarations are not admissible on that ground. She is not a party in interest, as the whole benefit and interest inures to the assured. She is not his agent, and authorized to speak for him. Nor does she come within any other rule by which her declarations can be received against him."

*The Union Central Life Ins. Co. v. Cheever*, 36 Ohio St. 201, was an action upon a policy of insurance upon the life of the husband, which was issued on the joint application of himself and wife for her sole benefit. It was held that a letter written by the husband prior to the application, stating the condition of his health, was inadmissible. The court, passing upon the admissibility of this testimony, says:

"But the testimony, we think, was incompetent. The insurance was, in terms, effected for the sole benefit of the plaintiff below. The testimony rejected consisted of declarations of Charles E. Cheever, made, it is true, prior to the time the insurance was effected, but not under circumstances at all affecting the rights subsequently acquired, under the policy, by the plaintiff below. When the letter was written, or the memorandum made, Cheever could not have been acting as her agent. They were not the declarations of a sick person in relation to his present condition, as they related to a state of facts already past. * * * Hence, as respects the rights of the wife, they were the declarations of a stranger."

Among the many other cases holding that the declarations made by the assured are inadmissible to contradict statements in the application, are: *The Fraternal Mutual Life Ins. Co. v. Applegate*, 7 Ohio St. 292; *Schwarzbach v. Ohio Valley Pro. Union*, 25 W. Va. 622; *Penn Mutual Life Ins. Co. v. Wiler, supra; Mobile Life Ins. Co. v. Morris*, 3 Lea., 101; *Grangers' Ins. Co., v. Brown, supra; Rawls v. American Mutual Life Ins. Co.*, 27 N. Y. 282; *Lazensky v. Supreme Lodge Knights of Honor*, 31 Fed. Rep. 592; *Evers v. Life Ass'n of America*, 59 Mo. 429; *Supreme Lodge v. Schmidt*, 98 Ind. 374; *Valley Mutual Life Ass'n v. Teewalt*, 79 Va. 421.

In the latter case, as in the present one, the controversy at the trial was whether the insured had misrepresented his age in his application for the policy, and the court say:

" The statements of the insured, made seventeen or eighteen years before he obtained the policy, clearly are not admissible as evidence to disprove the statement made as to his age in his application for membership. They were the declarations of a stranger, who was neither a party to the action, nor at the time of making them the agent of the party."

In these various applications admitted in evidence, the question of age was not material, nor was a correct statement of the age of the applicant an essential condition of his admission, and we are aware of no principle upon which such declarations are admissible or competent evidence upon the issue before the jury; and without this improper evidence there is nothing to show that the statement of the assured in his application, as to his age, was not true. It also follows that the exemplified copy of the muster-out roll offered by defendant was properly excluded.

Upon a careful consideration of all the questions presented by this record, we are satisfied that the judgment of the court below ought not to be disturbed, and it is accordingly affirmed.

*Affirmed.*