JOHNSON, by guardian *ad litem,* Respondent, vs. FRATERNAL RESERVE ASSOCIATION, Appellant.

*October 2—October. 20, 1908.*

*Witnesses: Competency: Transactions with persons since deceased: Life insurance: Evidence: Declarations by assured.*

1. The competency of a stockholder of a corporation to testify as a witness was not, under any circumstances, affected by sec. 4069, Stats. (1898), prior to the amendment thereof in 1907.
2. Under sec. 4069, Stats. (1898), originally, an officer or stockholder of a corporation was not included in the designation "party" nor to be considered as such by reason of the corporation being a party.
3. Evidence of what a deceased assured person said inconsistent with the answers contained in his application, which is not part of the *res gestæ,* is not competent against the beneficiary to prove the falsity of such answers.
4. Statements made by an assured person inconsistent with the answers contained in his application, not a part of the *res gestæ,* are only provable to show knowledge on his part of the falsity of such answers when that is material and there is competent evidence warranting a finding that the answers were false.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Action to recover upon a fraternal benefit insurance certificate. The defendant contested plaintiff's claim upon the ground that the assured, as a part of the insurance contract, warranted that she had never been advised by any physician that her life was not safely insurable; that within the five years preceding her application she had not required, for any personal ailment, the services of a physician; that she was not, to the best of her knowledge, afflicted with any infirmity tending to impair or shorten her life; that she had never been afflicted with cancer or tumor; that she had never had any illness, local disease, or personal injury not specifically inquired about; and that she had never had any disorder or symptoms of ovarian or uterine disease,—when in fact she had been advised by her physician that her life was not safely insurable; she had been attended by a physician for a serious personal ailment shortly before making her application for insurance; was then to her knowledge suffering from a serious disorder; a serious cancer and tumor; an ovarian and uterine disease, which continued to the time of her death and produced the same. Other matters were stated in the answer not necessary to be particularly referred to.

The jury found specially that the assured at the time she applied for insurance had not been afflicted with any disorder or disease, such as menstrual disorder or symptoms of ovarian or uterine disease or cancer or tumor, or had any illness, local disease, or personal injury, or been advised by a physician that she was not safely insurable, or within the preceding five years had required the services of any physician for any personal ailment; and that she was then to her best knowledge free from all disorders, weaknesses, or infirmities tending to impair her constitution or shorten her life. Upon such verdict judgment was ordered and rendered in plaintiff's favor.

For the appellant the cause was submitted on the brief of
*E. R. Hicks* and *M. Eberlein.*

*E. V. Werner,* for the respondent.

MARSHALL, J.    The defense relied on, as indicated in the
statement, is that the assured, Cecelia M. Johnson, in her ap-
plication for membership in appellant corporation, made
false representations in the particulars covered by the special
verdict respecting her then and prior condition, her having
required the services of a physician, and her knowledge of
being materially afflicted presently and prospectively with in-
firmities impairing her insurability.    To establish the de-
fense some members of appellant were called as witnesses and
were held incompetent to testify under sec. 4069, Stats.
(1898), because of their interest in the result.

The trial occurred prior to the amendment of such section
by ch. 197, Laws of 1907, whereby stockholders, officers, and
trustees of any corporation were added to persons theretofore
rendered incompetent to testify, with some exceptions not
necessary to here refer to, in case of the corporation being a
party to the litigation and the opposite party having derived
his title or sustaining his liability to the cause of action from,
through, or under such deceased person.    Therefore, it is
unnecessary to decide at this time whether a member of a
beneficiary organization is a stockholder of a corporation
within the meaning of the amended section.    Prior to the
amendment the incompetency went only to parties to the
action and others not necessary to refer to here.    It did not,
expressly at least, include stockholders in a corporation.    So
unless one so circumstanced is to be regarded as a party when
the corporation is such, within the meaning of the section as
unamended, then the ruling of the court was right irrespec-
tive of whether a member of a fraternal organization is a
stockholder therein or not.

The question presented, narrowed as above indicated, is

ruled in appellant's favor by *Hanf v. N. W. M. Aid Asso.* 76 Wis. 450, 45 N. W. 315; *In re Will of Bruendl,* 102 Wis. 45, 78 N. W. 169; and *Twohy M. Co. v. Estate of McDonald,* 108 Wis. 21, 83 N. W. 1107. The first case cited restricted the scope of the term "party" as used in the statute to those who were at common law incompetent to testify by virtue of their interest, and in the next case it was distinctly held that an officer of a corporation was not within the statutory incompetency notwithstanding his interest in the result of the litigation. We have not overlooked the change in 1901. It does not affect the question under consideration. It is for that reason, doubtless, that the amendment of 1907 was made. That, as it seems, is an unmistakable legislative recognition that the language of the section theretofore did not include a stockholder of a corporation.

The evidence of the witnesses above referred to, which was rejected, related to mere declarations of the deceased made at times so distant from that of the application as to be inadmissible as part of the *res gestæ,* and counsel for appellant make no claim to the contrary. It was not admissible as evidence of the main facts or any of them, viz., that the assured made some false misrepresentation as to her insurability, in that she was or had been afflicted with some one or more of the infirmities in respect to which she was interrogated. Laying aside as mere hearsay such evidence, there was none introduced or offered tending to establish that such main facts or any of them existed. That being so, the rulings rejecting evidence were harmless, and the similar evidence received did not establish or tend to establish the defense. *Rawson v. Milwaukee Mut. L. Ins. Co.* 115 Wis. 641, 92 N. W. 378; *McGowan v. Supreme Court I. O. F.* 104 Wis. 173, 80 N. W. 603. The effect thereof is this: The beneficiary in a policy of insurance, whether issued by a fraternal society or otherwise, has such a vested interest therein that upon its maturing without such interest having been divested and an

action being brought by such beneficiary to enforce the policy, alleged misrepresentation made by the assured in taking it out cannot be supported by evidence of his declarations, unless they were made so near the time of the application and so closely related thereto as to so characterize some act or fact respecting his then condition as to be a part of the *res gestæ;* that otherwise such evidence is not admissible in the absence of independent proof of the falsity of the application in respect to matters referred to in the declarations and then only to prove knowledge of such falsity on the part of the assured.

In view of the foregoing there was no evidence impeaching the *prima facie* case made out by plaintiff and a verdict should have been directed accordingly. The judgment appealed from is therefore right regardless of any error committed in the instructions. For that reason numerous errors claimed to have been made in respect thereto need not be considered.

*By the Court.*—The judgment is affirmed.