[Civil No. 1255.   Filed January 23, 1913.]

[129 Pac. 503.]

LOGIA SUPREMA DE LA ALIANZA HISPANO-AMERI-CANA, a Mutual Benefit Insurance Association, Appellant, v. MARGARITA DE AGUIRRE, Appellee.

1. INSURANCE—AVOIDANCE OF POLICY FOR MISREPRESENTATION—AGE.—An applicant for insurance, who misrepresents his true age, imposes upon the company in such a material matter as to invalidate the policy and relieve it from liability thereon.

2. EVIDENCE — ACTION — ADMISSIBILITY OF EVIDENCE — DECLARATORY STATEMENTS AS TO AGE.—Insured, in his first application dated April, 1907, stated that he was born August 2, 1863, and that his age was forty-four, and in his second application, made July, 1910, he gave the same date of birth and stated that his age was forty-seven.   The insurer, defending an action on the policy on the ground of a misrepresentation of age, offered affidavits made by the insured when registering as a voter, in one of which, made October, 1900, he stated that he was forty-eight, in another, made June, 1906, that he was forty-eight, and in a third, dated June, 1908, that he was fifty.   *Held,* that, as such declarations were no part of the *res gestae,* explained no fact in the application for insurance, and were made in a transaction where the exact age of the insured was not material to the matter then before his mind, the affidavits were inadmissible.

3. APPEAL AND ERROR—HARMLESS ERROR—STRIKING OUT EVIDENCE.—It is immaterial that an order striking out incompetent evidence was made during the trial, after its admission without objection, since the appellant could suffer no injury from the exclusion of incompetent evidence at any stage of the trial.

4. APPEAL AND ERROR—TRIAL—DISCRETION OF LOWER COURT—EXCLUSION OF INCOMPETENT EVIDENCE.—The order in which evidence is offered, received, or excluded is in the discretion of the trial court, and its order striking out incompetent evidence after its admission was not such an abuse of discretion as to call for a reversal.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima.   John H. Campbell, Judge.   Affirmed.

STATEMENT OF FACTS BY THE COURT.

The appellee, as plaintiff, commenced this action to recover from the defendant, this appellant, a judgment in the sum

of $1,200 upon an insurance policy or benefit certificate is-
sued by appellant to Feliberto Aguirre, a member of defend-
ant society, in which appellee, as the wife of such member,
was named as the beneficiary. The complaint alleges the death
of the insured member on December 17, 1910; that at the
time of his death he was in good standing in the society; and
that on the 20th of December, 1910, due notice and proof of
death was given and furnished appellant. The defense is
made that the insured, when he was admitted to membership,
falsely and fraudulently misrepresented his age both in his
application to the society and in his answers to the medical
examiner of defendant; that the laws of the society exclude
from benefits, such as provided in this certificate, all persons
over a certain age; that the statements made in such applica-
tion and examination are warranties, and they are made a
part of the contract of insurance; that, at the date the de-
ceased first made his application for insurance and was ex-
amined therefor, the laws of the society excluded persons
from benefits who were over the age of forty-five years, and
in said application and examination insured falsely and
fraudulently represented his age as then forty-four years;
that in fact and in truth insured was then forty-seven years
of age. It is further shown that the by-laws of defendant
were amended in January, 1910, by which larger benefits were
given members in good standing in consideration of the pay-
ment of dues on another basis and upon the surrender of
their certificate, limiting the member's age to fifty years.
On July 6, 1910, the insured surrendered his original cer-
tificate, performed the other conditions required by the said
amendment, and received in lieu thereof the certificate or
policy sued upon. This policy states the age of the insured
as forty-seven years, and it was accepted by him, subject to
the conditions mentioned therein. The policy recites that it
is issued ''in consideration of the statements made in his
application to this lodge and to the medical examiner. . . .
All of which is considered a part of this contract.'' De-
fendant alleges that its first knowledge of the false and
fraudulent representations, made by the insured as to his age,
was obtained since his death.

The insured in his first application states that he was born
August 2, 1863, and ''my age is forty-four years,'' dated

April 28, 1907; and in his second application, made July 3, 1910, he states, "My actual age is forty-seven years, the day of my birth being the second day of August, 1863." These are the statements made upon which the contract in suit was founded and the policy issued.

In support of the defense interposed, the appellant offered affidavits made by the insured for the purpose of registration as a voter of Pima county; one of which was made October 2, 1900, in which the registration officer certifies that affiant stated, among other things, "that I am forty-two years of age"; another of which, made June 20, 1906, in which it is certified he stated "that I am forty-eight years of age"; and in the third, dated June 20, 1908, it is certified he stated "that I am fifty years of age." And appellant offered no other proof upon that fact. At the time of the offer, no objection was interposed by the plaintiff, and the testimony was received. Other proceedings were had, and the evidence closed. Thereafter the case was opened for further evidence, and plaintiff moved to strike the three affidavits as irrelevant, incompetent and immaterial, which motion was granted and the jury was directed to return a verdict for the plaintiff. To all of which the appellant objected and duly excepted. A judgment followed. From which judgment and order overruling a motion for a new trial, defendant appeals.

Mr. Chas. Woolf, for Appellant.

Mr. Tom K. Richey, for Appellee.

CUNNINGHAM, J.—The age of an applicant for insurance upon his life is regarded by all insurance companies as very important, both as affecting the risk assumed and in fixing the premium to be charged.

When an applicant for insurance misrepresents his true age, he has imposed upon the company in such a material matter as to invalidate the contract of insurance, and thereby relieves the company from liability thereunder. The issue raised in this case is the true age of the insured, and the question for solution is whether the affidavits offered by the defendant are competent testimony tending to establish his true age as different from his age as represented by him in his application for insurance.

At the most, the statements of his age, made by him to the registration officer, contained in the affidavits could be no more than declarations or admissions made by the insured concerning his age, which are inconsistent with the statements made in his application for insurance concerning the same fact. The statements made in the three affidavits and in his application for insurance and to the medical examiner are nothing more than inconsistent statements of the declarant made by him at different times. If he were under examination as a witness, and his actual or true age was in issue, and he should testify that he was born August 2, 1863, he could be asked concerning his statements made in his registration affidavits for the purpose of showing his credibility as a witness, and the jury could consider such inconsistent statements in arriving at his true age. This contingency does not arise in this case. The insured is not a party to the suit nor interested therein. He is not a witness in the action. To discredit a material condition in a contract is a very different thing from discrediting a witness' testimony before a jury. It is difficult to understand how a general statement that one is forty-two years of age, made on a certain date, could tend to prove the true age of the person as against his definite statement that he was born August 2, 1863, and was forty-four years of age, made at another date, when the two statements were made in transactions in which the true age in one was material and in the other immaterial. In the first case, without a further statement of facts, the declarant states his conclusion that he is forty-two years of age; in the latter statement he says he was born August 2, 1863, and is forty-four years of age. If he should have stated the date of his birth, it was a simple matter to reach the conclusion he reached in his application. The two statements are not of equal probative force; one is a mere conclusion of the declarant, while the other states a fact from which a conclusion can be reached. The issue on trial was the true age of the insured on April 28, 1907. If we take the statement made in the affidavit for the purpose of registration of date of June 20, 1906, as nearest in point of time to the date of the application, we find the statement to be ''that my age is forty-eight years.'' In April following we find the insured stating, when applying for membership in and contract with

defendant for insurance, "I was born . . . the 2d of August, 1863. My age is forty-four years." In the latter statement his true age was material; in the former the true age is not material nor was the correct statement of the age of the applicant an essential condition of his right to be registered.

The courts are not altogether uniform on the question of the admissibility of the declarations and admissions of the insured, made by him before or after his application for his insurance, relating to his health or his age. The weight of authority appears to establish the general rule that such declarations or admissions of the insured, subject to the general rules relating to evidence of declarations or admissions as a part of the *res gestae* are inadmissible to show the falsity of his statements in his application and answers in his medical examination. Case-note, 11 L. R. A., N. S., 92, to *Taylor* v. *Grand Lodge A. O. U. W.*

In a case decided as late as October, 1908, the Wisconsin supreme court in *Johnson* v. *Fraternal Reserve Assn.*, 136 Wis. 528, 117 N. W. 1019, passing upon this question, says: "The beneficiary in a policy of insurance, whether issued by a fraternal society or otherwise, has such a vested interest therein that, upon its maturing without such interest having been devested and an action being brought by such beneficiary to enforce the policy, alleged misrepresentations made by the assured in taking it out cannot be supported by evidence of his declarations, unless they were made so near the time of the application and so closely related thereto as to so characterize some act or fact respecting his then condition as to be a part of the *res gestae;* that otherwise such evidence is not admissible, in the absence of independent proof of the falsity of the application in respect to matters referred to in the declarations, and then only to prove knowledge of such falsity on the part of the assured." In *Supreme Lodge K. of H.* v. *Wollschlager*, 22 Colo. 213, 44 Pac. 598, the court, on the issue of age of the insured, holds that declarations made by him in applications for membership in the Grand Army of the Republic, also for membership in other orders, and for pensions and increase of pensions, are not admissible to contradict statements made in the application for the insurance policy in suit. In *Yore* v. *Booth,* 110 Cal. 238, 52 Am. St. Rep. 81, 42 Pac. 808, the question is the admissibility of

statements of the age of the insured made in applications to other companies for insurance, and the statement of his age, appearing on the great register of the county in which he voted, offered to establish the age of the insured as different from that stated in application for the policy in suit.   The court held such statements inadmissible as tending to prove no fact at issue.   To the same effect are: *Granger's Life Ins. Co.* v. *Brown,* 57 Miss. 308, 34 Am. Rep. 446; *Rawls* v. *American Mut. L. Ins. Co.,* 27 N. Y. 282, 84 Am. Dec. 280; *Union Cent. L. Ins. Co.* v. *Cheever,* 36 Ohio St. 201, 38 Am. Rep. 573; *Dial* v. *Valley Mut. L. Assn.,* 29 S. C. 560, 8 S. E. 27; *Valley Mut. L. Ins. Co.* v. *Teewalt,* 79 Va. 421; *Wilson* v. *Life Assn. of Am.,* 6 Ins. L. J. 240, 3 Cent. L. J. 715, 765, Fed. Cas. No. 17,818; *Dillerber* v. *Home Life Ins. Co.,* 69 N. Y. 256, 25 Am. Rep. 182; *Mobile L. Ins. Co.* v. *Morris,* 3 Lea (Tenn.), 101, 31 Am. Rep. 631.   A great many additional cases may be cited to the same effect.

We think the weight of reason, as well as the weight of authority, clearly supports the rule rejecting such declarations where they are no part of the *res gestae,* explain no fact in the application for insurance, and are made in a transaction where the exact age of the insured is not material to the matter then before the mind of the declarant.   The ruling of the court in excluding the affidavits for the purpose of registration was without error.

It follows that it was immaterial that such order was made at a late stage of the trial.   The appellant could suffer no injury from the exclusion of incompetent testimony at any stage of the trial.   At most, the appellant could only complain that the logical time to exclude the testimony was at the time it was offered.

The order in which a trial is conducted, evidence is offered, received or excluded, is in the sound legal discretion of the trial court, and nothing less than a clear abuse of such discretion, resulting in apparent injury to a party, should call for a reversal by this court.   No such condition is shown by this record.

The judgment and order of the trial court are affirmed.

FRANKLIN, C. J., and ROSS, J., concur.

Application for rehearing denied.

NOTE.—As to warranty, as distinguished from mere representation, in life insurance, see note in 37 Am. St. Rep. 372.

As to materiality of representation by the insured, see note in 3 Am. St. Rep. 635.