**MISSOURI STATE LIFE INS. CO. v. YOUNG.**

**No. 5899.**

Circuit Court of Appeals, Ninth Circuit.

Feb. 21, 1930.

Allen May, of St. Louis, Mo., E. O. Phlegar, E. G. Frazier, Henderson Stockston, and Allan K. Perry, all of Phœnix, Ariz., and Frank P. Deering and James Walter Scott, both of San Francisco, Cal., for appellant.

Joseph E. Morrison, Charles A. Carson, Jr., and Gene S. Cunningham, all of Phœnix, Ariz., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from a judgment in an action upon an accident insurance policy for $30,000 issued to George U. Young in favor of his wife, the appellee. The insurance policy was applied for December 20, 1924, and issued January 10, 1925, and renewed for another year by payment of premium in January, 1926. The insured suffered an injury to his foot on December 15, 1925, and died on the 24th of November, 1926. The appellant life insurance company defends the action upon the ground that the accidental injury was not the cause of death but that the death was occasioned by myocardial failure superinduced by long existing kidney disease and diabetes; and, furthermore, that the insured was not wholly and continuously disabled from the date of the accident and upon the further ground that the policy was procured by fraudulent misrepresentation of the insured.

One of the principal questions in the case is the admissibility of declarations of the insured made before and after the issuance of the policy concerning his state of health both before and after the date of the policy. The issue of fraud is based upon statements made by the insured in the application for the policy in question. The insured, in his written application, stated that he had never had diabetes and answered in the negative the following question: "Have you within the past five years had medical or surgical advice or treatment or any departures from good health? If so, state when and what, and duration." With reference to these answers of the insured in his application it is alleged in the answer that the insured, during the five years prior to the date of the application, had had medical advice or treatment and had had departures from good health; and had diabetes; and that the representations made in the application were known by the insured to be false and made with the intention of deceiving the defendant; that such representations were material.

This issue of fraud was submitted to the jury upon the evidence under the following instructions:

"If you find and believe from the evidence that on or about the 20th day of December, 1924, at the time of making the application for the policy of accident insurance introduced in evidence, George U. Young was or had been suffering from diabetes and within five years prior to the time of such application had had medical or surgical advice or treatment and substantial departures from good health and, if you find that in such application George U. Young stated that he had not had diabetes and stated that he had not within the previous five years had medical or surgical advice or treatment or any departure from good health and, if you find that said answers so made were false and untrue and that George U. Young did, at the time of making same, know them to be false and untrue and made such answers with the intention to deceive the defendant and to induce it to rely upon such false and fraudulent statements, if you find they were false, and to issue a policy, and, if you find that the defendant did believe such false and fraudulent statements, if you find them so to be, to be true and relied upon and was deceived thereby and that defendant, without knowledge of the falsity of such statements or any of them, if they were false, made, executed and delivered the policy of accident insurance introduced in evidence and, if you find further that such false and fraudulent representations, if any, so made and believed and relied upon, materially affected the acceptance of the risk or the hazard assumed by the defendant, then you are instructed that the policy contract was void from the date of issuance and that the beneficiary cannot claim any relief thereunder and plaintiff cannot recover herein from the defendant."

"You are instructed that mere temporary afflictions or ailments not of a serious or damaging character which pass away and are likely to be forgotten, because they do not affect the general healthfulness of the system, are not to be regarded as departures from good health, within the meaning of the policy of insurance offered for evidence in this case.

"The failure of an applicant for insurance to state that he had consulted a physician about some slight or immaterial ailment which did not seriously affect the general healthfulness would not necessarily—the general healthfulness of the system seriously would not necessarily be a fraudulent statement, within the meaning of this policy but it must be something substantial—something of some importance or serious character. It

is not the duty of an applicant for insurance to advise the insurance company of every time he consults his physician for some temporary indisposition but is his duty to advise them, in answer to that question, every time he has consulted his physician relative to any serious ailment.

"You are instructed that, if the defendant company seeks to avoid the payment of the policy on the ground that the deceased had been guilty of material misrepresentations and fraud, the burden of proof is upon the defendant company. It is not to be assumed upon doubtful evidence or circumstances of mere suspicion. The law never presumes fraud but the presumption is always in favor of innocence and honesty until the contrary is shown.

"You are instructed that the law presumes that the acts of all men are honest until otherwise proven and, in this connection, you are instructed that the burden of proof on the issue of fraud is upon the defendant to show by a preponderance of the evidence that George U. Young was guilty of fraud in the procurement of the policy in question and by a preponderance of evidence is meant that evidence which is the more satisfactory and which carries with it the greater weight.

"You are further instructed that the burden of proof is upon the defendant, upon every issue of fraud, to show by a preponderance of evidence that the statements made by the said George U. Young, which are alleged to be false, were, in fact, false; that he knew them to be false when he made them; that he made them for the purpose of misleading the defendant and inducing it to enter into the contract of insurance and that the defendant was, in fact, mislead thereby to such extent that it would not have entered into the contract of insurance if the said George U. Young had given true statements with reference thereto.

"I charge you that should you find that a statement made by the deceased in his application for a policy was false, yet that would not necessarily presume that it was made with intent to deceive. It is the duty of the defendant alleging fraud to prove it by a preponderance of testimony and it must go further and prove that such statements were made with intent to deceive, knowing at the time the statements to be false and I charge you here also in this connection that the evidence to establish fraud must be clear and convincing and satisfactory and such as to lead you, as I have above stated, to come to the conclusion that the greater weight of

evidence is in favor of the proposition of fraud."

Considerable evidence was adduced as to the ill health of the deceased during the year 1924. Several medical witnesses, in answer to a hypothetical question based upon the evidence adduced before the court, testified that in their judgment the insured suffered from diabetes during the year 1924 and at the time of his application for insurance was suffering from diabetes and that he died as a result of that disease. The jury found to the contrary.

In addition to this evidence, defendant attempted to prove oral and written statements of the deceased indicating his ill health and that he consulted physicians as to his health during the year 1924 and previous thereto within five years of the issuance of the policy. This evidence was objected to and rejected.

While the decisions of the state courts are at variance with reference to the admissibility of declarations or admissions of the insured as against the beneficiary seeking to recover for the death of the insured, and the rule has been varied in some states according to whether or not the policy permits the insured to change the beneficiary thereof at will (McEwen v. N. Y. Life Ins. Co., 23 Cal. App. 694, 698, 139 P. 242; Waring v. Wilcox, 8 Cal. App. 317, 96 P. 910; Hopkins v. Northwestern Life Assur. Co. [C. C. A.] 99 F. 199; Union Mutual Assur. v. Montgomery, 70 Mich. 587, 38 N. W. 588, 14 Am. St. Rep. 519; Mobile Life Ins. Co. v. Morris, 3 Lea [71 Tenn.] 101, 31 Am. Rep. 631; Equitable Life Assur. Soc. of U. S. v. Campbell, 85 Ind. App. 450, 150 N. E. 31, 151 N. E. 682; Nophsker v. Supreme Council of Royal Arcanum, 215 Pa. 631, 64 A. 788, 7 Ann. Cas. 646; Supreme Lodge of Knights of Honor v. Wollschlager, 22 Colo. 213, 44 P. 598), it seems clear on principle that where the knowledge and intent of the insured in making the representations contained in his application for insurance is a material element in the case as it is here, his statements concerning his condition are admissible for the purpose of determining whether or not false representations made were known by him to be false. The authorities are almost but not quite unanimous in holding that where independent evidence is adduced tending to show that the representations by the insured in his application for insurance were false, the declarations of the insured inconsistent with the facts stated in his application made about the same time are admissible for the purpose of showing his knowledge and intent in making the false representation. Johnson v. Fraternal Reserve Ass'n, 136 Wis. 528, 117 N. W. 1019; Cummings v. Connecticut Life Ins. Co., 101 Vt. 73, 142 A. 82; McGowan v. Sup. Ct. of Ind. Order of Foresters, 104 Wis. 173, 80 N. W. 603; 37 Cor. Jur. 626. There may be some cases holding that even where the beneficiary can be changed at will, and even where there is independent evidence tending to show that the representations made were false, the declarations of deceased were not admissible even to show his intent or knowledge. Supreme Lodge of Knights of Honor v. Wollschlager, supra, as to declarations as to age. We do not see how these cases can be sustained on principle. The beneficiary is relying upon the contract made by the deceased. The insurance company is claiming that the deceased procured the contract by misrepresentations made by him and known by him to be false. Evidence tending to show his knowledge of the falsity of the representations is germane to the question of fraudulent procurement of the instrument, and the beneficiary seeking to recover upon the instrument cannot in justice seek to appropriate the benefit of the fraudulently procured policy without assuming the burden involved in the procurement thereof or escape what would be proper proof of the fraud against claims by the insured, because his statements as to his health are those of a third person and therefore not binding upon her as the beneficiary of the policy. Her action upon the policy necessarily asserts the validity of the policy, and therefore the truthfulness of the representations upon which it is procured. Georgia Casualty Co. v. Boyd (C. C. A.) 34 F.(2d) 116. There are also cases holding that the admissibility of the declaration of the deceased insured concerning his physical condition, although material to a defense based upon fraudulent misrepresentations, are not admissible where the insured has warranted the truth of his statements, for the reason that his intent thereby becomes immaterial if the actual fact is otherwise than as warranted by him. That is to say, his beneficiary is bound by the fact if untrue, and the company need not, and therefore cannot, offer evidence solely for the purpose of proving a wrongful or fraudulent intent in making the statement. In view of the theory upon which this case was tried, as shown by the above-quoted instructions of the trial court to the jury, we may properly assume that the element of fraud was essential to defeat the policy, and

that unless the representations as to good health were untrue and also known by the insured to be untrue, the defense of fraud is not sustained. In short, we may assume, as the parties did in the court below, that there was no warranty and, be it said, none is claimed here. Certain letters of the deceased were offered in evidence and objection thereto sustained. After independent proof had been made concerning the ill health of the deceased during the year 1924 and after expert testimony had been adduced to the effect that he had diabetes at the time the policy was issued and during 1924, as above stated, the letters were reoffered and again rejected. They were thus again offered upon the theory that having laid the proper foundation therefor by an independent showing of ill health, they thereupon became competent to prove knowledge on the part of the insured as to his condition of health, and therefore that his false statements were known by him to be false. While in the first instance the evidence had been rejected because of the lack of that foundation, when they were offered anew the objection was, nevertheless, again sustained.

■ Objection was also sustained to many questions by which it was sought to bring out oral declarations of deceased concerning his health. The policy in question permitted the insured to change the beneficiary at will, but we do not place our decision on that ground. The witness Dr. Sevringhaus was asked if he had any conversation with the insured relative to his physical condition between 1924 and 1925. Having replied that he had, the following question was asked by the appellant: "State to the court and jury what, if anything, Mr. Young said to you relative to his having diabetes." This was objected to "on the ground already urged as leading and as being an attempt of counsel to introduce a question which we have asked the court to exclude from the testimony of the witness." The objection was sustained and an exception noted. The next question was similar: "State to the court and jury whether Mr. Young ever told you that he had diabetes." Counsel objected, "We object to that," and the court ruled as follows: "I think I have made it very clear that that question will not be permitted. If you are doing this for the purpose of the record, the record will show that the objection is sustained and the witness will not be permitted to testify to conversations." It is claimed by the appellee that appellant cannot complain of the ruling of the trial judge sustaining the objection to these questions because the record does not disclose the answer it was expected to adduce from the witness. We think the question sufficiently indicates the favorable answer expected within the rule applicable to trials where the witness testifies in person before the court. Buckstaff v. Russell, 151 U. S. 626, 14 S. Ct. 448, 38 L. Ed. 292.

■ The trial court also sustained objections to certain letters written in 1924 by the insured indicating that during that year the insured was very ill, that he consulted a physician, and that he was thoroughly aware of his rather desperate physical situation. As a sample of this type of evidence, we quote the following:

Letter of June 13, 1924:

"I am going to consult a lawyer today or to-morrow, or just as soon as I have the strength to talk to him  *  *  *  I cannot live through this season in this heat—this I now know.

"In weight I am lighter than I have been since I was fifteen years of age, and with this strain I have been under, I am that weak I can scarcely get around. My stomach absolutely refuses to function further, and I am in a bad condition, as I can tell by reason of the fact my infected toe will not heal so I can put a shoe on my foot, and I have to limp around in a slipper."

Letter of May 30, 1924: "They had to carry me home last evening—but at five thirty I was here again and at it. But, it's all I can do to walk, cross the room. The first money I get I am starting to Mayo Bros., and see what they can do for me."

Letter of January 31, 1924: "I don't know how to write this morning, in fact, I am in no condition physically or mentally to write to anyone. I came near dying an hour ago, and I am that weak now I can scarcely sit up, and should go home."

These rulings rejecting evidence of the statements of the decedent were erroneous, and the case must be reversed because of these errors. It is unnecessary to consider the appellant's further contention that there was a period of a day or two after the accident before the insured became wholly disabled, and that therefore the loss is not covered by the terms of the policy. The evidence on that subject is rather meager and no doubt will be more ample upon a new trial.

It is suggested that the case of Logia Suprema, etc., v. Aguirre, 14 Ariz. 390, 129 P. 503, should control us in the decision of this case. That case seems to be in accord

with our conclusion that evidence of the declaration of the insured on an issue of fraud is admissible to show intent, as the case of Johnson v. Fraternal Reserve Ass'n, which so holds, is cited as authority for the court's conclusion.

Judgment reversed.

RUDKIN and DIETRICH, Circuit Judges (concurring).

In concurring we do not construe the opinion as impliedly holding that in such a case declarations of the insured are incompetent as proof of the substantive fact of falsity in his representations made to the insurer, but we take the precaution of adding that we express no opinion on that point. Furthermore, our concurrence is with the fact in mind that the insured retained the power to change the beneficiary, but whether, in the absence of that consideration, the decision should be different, we intimate no opinion.